IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS N. HEAP, )<br>MARIA S. HEAP, NATIONSTAR )<br>MORTGAGE, LLC, TAX EASE FUNDING, )<br>LLC, JOHN NOVOTNY, INC., d/b/a )<br>NOVOTNY & COMPANY )<br>TRISTAR DENTAL LABORATORY, INC., )<br>and MARVIN GREENFIELD, )<br>)<br>Defendants. )<br>_____) | Case No.  4:15-cv-1799 |

## COMPLAINT

For its Complaint, which has been authorized and requested by a duly authorized delegate of the Secretary of the Treasury of the United States of America and directed on behalf of the Attorney General of the United States of America or her delegate pursuant to Sections 7401, 7402, and 7403 of the Internal Revenue Code, as amended (Title 26 U.S.C.) ("the Code"), the United States of America alleges and avers as follows.

## NATURE OF ACTION

1.      This is a civil action brought by the United States of America pursuant to Sections 7401, 7402, and 7403 of the Code, to reduce to judgment federal tax liabilities assessed against Thomas N. Heap and Maria S. Heap  (the "Heaps") and to enforce tax liens of the United States.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to Sections 7401, 7402, and 7403 of the Code and 28 U.S.C. Sections 1340 and 1345.

3.      Venue of this action properly lies in this district pursuant to 28 U.S.C. Sections 1391(b) and 1396 because the taxpayers reside in this district and the subject property is located in this district.

## THE PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant, Thomas N. Heap, is a taxpayer in this action and can be served at his residence in Houston, Texas.

5.      Defendant, Maria S. Heap, is a taxpayer in this action and can be served at her residence in Houston, Texas.

6.      Defendant Nationstar Mortgage, LLC is a party because it may have had a lien on the property at issue.  Nationstar Mortgage, LLC may be served by serving Corporation Service Company, its registered agent at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, and by mailing a copy of the summons and complaint to Nationstar Mortgage, LLC, 350 Highland Drive, Lewisville, TX 75067.

7.      Defendant Tax Ease Funding, LLC is a party because it or its predecessor Tax Ease Funding, LP, may have had a lien on the property at issue.  Tax Ease Funding, LLC may be served by serving C T Corporation System, its registered agent at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, and by mailing a copy of the summons and complaint to Tax Ease Funding, LLC, 14901 Quorum Drive, Dallas, TX 75254-7021.

2

8.     Defendant John Novotny, Inc. d/b/a Novotny & Company (hereafter "Novotny Inc.") is a party because it is a judgment creditor of defendant Maria S. Heap, and it may claim an interest in the property at issue.  Novotny Inc. may be served by serving Eva Novotny, its registered agent, secretary and treasurer, at 9219 Katy Freeway, Suite 257, Houston, TX 77024.

9.     Defendant Tristar Dental Laboratory, Inc. (hereafter "Tristar") is a party because it is a judgment creditor of defendant Thomas N. Heap, and it may claim an interest in the property at issue.  Tristar may be served by serving Luis De Yturbe, its registered agent, president, and director, at 6400 Westpark, Suite 325, Houston, TX 77057.

10.     Defendant Marvin Greenfield is a party because he has asserted a lien on the judgment that Tristar was awarded against defendant Thomas N. Heap, and he may claim an interest in the property at issue.  Mr. Greenfield may be served at 8303 Southwest Freeway Suite 545, Houston, TX 77074-1687.

## THE TAX LIABILITY

11.     A delegate of the Secretary of the Treasury assessed against, and gave notice and demand to, the Heaps for unpaid joint income taxes, penalties, statutory additions, and interest for the tax years 2000, 2002, 2003, 2008, 2009, 2010, 2012, and 2013.  The table below shows the type of tax, tax period, the assessment date, and the amount due through June 29, 2015.

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH JUNE 29, 2015 |
|---|---|---|---|
| Form 1040 | 2000 | 09/13/2004 | $89,914.61 |
| Form 1040 | 2002 | 09/13/2004 | $104,178.80 |
| Form 1040 | 2003 | 10/11/2004 | $66,067.75 |
| Form 1040 | 2008 | 11/23/2009 | $5,432.10 |

3

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH JUNE 29, 2015 |
|---|---|---|---|
| Form 1040 | 2009 | 11/22/2010 | $28,188.35 |
| Form 1040 | 2010 | 11/21/2011 | $34,269.89 |
| Form 1040 | 2012 | 11/18/2013 | $88,852.94 |
| Form 1040 | 2013 | 11/24/2014 | $6,781.64 |
| | | TOTAL | $423,686.08 |

12.     In addition, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Thomas N. Heap for separate unpaid income taxes, penalties, statutory additions, and interest for the tax year 2011.  Defendant Thomas N. Heap was assessed $19,114 on November 26, 2012, for his 2011 income tax liability; the amount due on this assessment through June 29, 2015, is $26,435.90.

13.     A delegate of the Secretary of the Treasury also assessed against, and gave notice and demand to Maria S. Heap for separate unpaid income taxes, penalties, statutory additions, and interest for the tax year 2011.  Defendant Maria S. Heap was assessed $29,249 on November 26, 2012, for her 2011 income tax liability; the amount due on this assessment through June 29, 2015, is $47,029.74.

14.     Notice of and demand for payment of the assessments referred to in paragraph eleven was mailed to the Heaps on or about the date of the assessments.  Notice of and demand for payment of the assessment referred to in paragraph twelve was mailed to the Thomas N. Heap on or about the date of the assessment stated in paragraph twelve.  Notice of and demand

for payment of the assessment referred to in paragraph thirteen was mailed to the Maria S. Heap on or about the date of the assessment stated in paragraph thirteen.

15.     The liabilities listed in paragraph eleven above for the joint income tax liability are based on joint tax returns that were voluntarily filed by the Heaps.  The liability listed in paragraph twelve above for defendant Thomas N. Heap's 2011 income tax liability is based on a separate tax return that was voluntarily filed by the Thomas N. Heap.  The liability listed in paragraph thirteen above for defendant Maria S. Heap's 2011 income tax liability is based on a separate tax return that was voluntarily filed by the Maria S. Heap.

16.     The United States recorded a Notice of Federal Tax Lien against Thomas N. Heap and Maria S. Heap in the deed records for Harris County, Texas on February 7, 2005, for tax years 2002 and 2003.  On June 17, 2015, a Revocation of Certificate of Release of Federal Tax Lien was recorded as to that lien.  On June 17, 2015, the United States recorded a Notice of Federal Tax Lien against Thomas N. Heap and Maria S. Heap in the deed records for Harris County, Texas on June 17, 2015, for tax years 2002 and 2003.

17.     The United States recorded a Notice of Federal Tax Lien against Thomas N. Heap and Maria S. Heap in the deed records for Harris County, Texas on May 5, 2015, for tax years 2000, 2002, 2003, 2008, 2009, 2010, 2012, and 2013.  The United States also recorded a Notice of Federal Tax Lien against Thomas N. Heap in the deed records for Harris County, Texas on May 5, 2015, for his liability for tax year 2011.  Finally, the United States recorded a Notice of Federal Tax Lien against Maria S. Heap in the deed records for Harris County, Texas on September 24, 2013, for her liability for tax year 2011.

## THE SUBJECT PROPERTY

18.     The Heaps own the property located on Riverview Way in Harris County, Texas,

(the "Riverview Way Property") which is further described as follows:

> Lot Ten (10) in Block Sixty-Seven (67) of TANGLEWOOD, SECTION THIRTEEN
> (13), an Addition in Harris County, Texas, according to the plat thereof, recorded in
> Volume 53, Page 65, of the Map Records of Harris County, Texas.

19.     Defendant Nationstar Mortgage, LLC may claim an interest in the Riverview Way

Property because it may have a lien against the Riverview Way Property.  Defendant Tax Ease

Funding, LLC, which was previously known as Tax Ease Funding, LP, may claim an interest in

the Riverview Way Property because it may have a lien against the Riverview Way Property.

20.     Additionally, defendant Novotny Inc. is a judgment creditor of defendant Maria S.

Heap, and may claim an interest in the Riverview Way Property.

21.     Additionally, Tristar is a judgment creditor of defendant Thomas N. Heap, and

may claim an interest in the Riverview Way Property.

22.     Defendant Marvin Greenfield has asserted a lien on the judgment that Tristar was

awarded against defendant Thomas N. Heap, and he may claim an interest in the Riverview Way

Property.

## COUNT I
### (Reduce Assessments to Judgment)

23.     The United States is seeking a judgment that determines Thomas N. Heap's and

Maria S. Heap's indebtedness to the United States on account of the tax assessments described

above.

24.     A delegate of the Secretary of the Treasury made assessments against Thomas N.

Heap and Maria S. Heap for the unpaid federal income tax, statutory additions, and interest to tax

for the periods and amounts referenced in paragraphs eleven, twelve and thirteen above.  Despite

notice and demand for payment, Thomas N. Heap and Maria S. Heap have neglected, failed, and refused to pay federal income tax for the periods and years described in paragraphs eleven, twelve and thirteen above.

25.      The United States is entitled to a judgment that Thomas N. Heap and Maria S. Heap are indebted to the United States for these unpaid tax liabilities.

**COUNT II**
**(Foreclose Federal Tax Liens)**

26.      The United States is seeking the enforcement of its federal tax liens against the property described above to pay the income taxes, penalties, statutory interest, and additions to tax owed by the Heaps.

27.      Pursuant to Section 6321 of the Code, federal tax liens attached to the Heap's interest in the property upon assessments of the taxes indicated in paragraphs eleven, twelve and thirteen above.

28.      The United States is entitled to a judgment that its tax liens against the subject property be foreclosed, and that the property be sold free and clear of any rights, titles, liens, claims, or other interests of any of the parties to this action with the proceeds of the sale being paid first to costs of sale and then to the parties in the order of their priority of interest in the property.

**COUNT III**
**(Ten Percent Surcharge for Costs of Collection)**

29.      28 U.S.C. section 3011 authorizes the United States to recover a surcharge of 10% of the amount of the debt in the event that the United States avails itself of the pre-judgment or post judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure

Act, 28 U.S.C. §§3001 *et. seq.*, in order to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

**AFFIRMATIVE ALLEGATIONS THAT THE**
**STATUTE OF LIMITATIONS FOR COLLECTION HAS NOT EXPIRED**

30.     Under Section 6502(a) of the Code, the statute of limitations for collection expires ten (10) years after the date of assessment.  On September 13, 2004, the Internal Revenue Service made assessments against Thomas N. Heap and Maria S. Heap for his unpaid joint income taxes for tax years 2000 and 2002.  The ten year statute of limitations for collection of these assessments would have expired on September 13, 2014.  Thus, without any extensions or suspensions, the earliest the normal statute of limitations for collection would have expired was September 13, 2014.

31.     However, under Section 6503(a)(1) of the Code, the statute of limitations for collection is suspended anytime the IRS is unable collect the tax by levy or proceeding in Court. An Offer in Compromise suspends the running of the ten (10) year statute of limitations.  *See* Treasury Reg. § 301.7122-1(g)(1); 26 U.S.C. § 6331(i)(5) & (k).  If an Offer in Compromise is rejected by the IRS, the statute of limitations for collection is also suspended for an additional 30 days.  26 U.S.C. § 6331(i)(5) & (k)(B).

32.     Defendants Thomas N. Heap and Maria S. Heap submitted an Offer in Compromise Form 656 to the IRS in an effort to compromise their joint income taxes owed for tax periods 2000, 2002, and 2003.  Their Offer in Compromise was accepted as processable by the IRS on March 22, 2005, and was rejected on December 4, 2005.  Consequently, this Offer in Compromise extended the statute of limitations for collection of the joint income taxes owed for 2000, 2002, and 2003, by 257 days, plus an additional 30 days.

8

33.     Thus, the statute of limitations for collection of the joint income tax assessments for tax years 2000 and 2002 against Thomas N. Heap and Maria S. Heap should not expire until on or about June 27, 2015.  This date is calculated as follows:

| | |
|---|---|
| Original assessment: | September 13, 2004 |
| plus 10 years on original collection statute: | September 13, 2014 |
| plus 257 days for Offer in Compromise per § 6331(i)(5) & (k) | May 28, 2015 |
| plus 30 days for Offer in Compromise per § 6331(i)(5) & (k)(B) | June 27, 2015 |

34.     Accordingly, the statute of limitations for collection for the joint income taxes owed for 2000 and 2002 at issue has not expired.

35.     For the same reasons, the statute of limitations for collection for the 2003 joint income taxes owed by Thomas N. Heap and Maria S. Heap has not expired.


FOR THESE REASONS, the United States requests the Court to Order,

A.     That defendant Thomas N. Heap is indebted to the United States for the amount of $450,121.98, plus interest from June 29, 2015, as provided by law;

B.     That defendant Maria S. Heap is indebted to the United States for the amount of $470,715.82, plus interest from June 29, 2015, as provided by law;

C.     That the property described above is subject to the claim of the United States; that the Court determine the validity of the claims of the defendants named herein against the property and also determine the priority of all respective claims as against the claim of the United States;

D.     That the United States has valid federal tax liens against the property, that these liens be foreclosed and the property sold in accordance with the law and practice of this Court,

and that the proceeds of the sale be distributed in accordance with the findings of the Court and the rights of the parties.

      E.      That, to the extent the United States utilizes remedies set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§3001 et.  seq., the United States is entitled to the 10% litigation surcharge set forth in 28 U.S.C. Section 3011; and,

      F.      That the United States has such further relief as this Court may deem just and proper, including its costs.

Dated:  June 24, 2015

KENNETH MAGIDSON
United States Attorney

<u>Moha P. Yepuri</u>
MOHA P. YEPURI
Attorney, Tax Division
Texas State Bar No. 24046651
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
(214) 880-9767
(214) 880-9741 (Facsimile)
Attorney for United States
Moha.P.Yepuri@usdoj.gov

ATTORNEYS FOR THE UNITED STATES